[No. 16849.  Department Two.  February 25, 1922.]

John W. Stevenson *et al., Appellants,* v. MacCallum-
Donahoe Finance Company, *Respondent.*[1]

Principal and Agent (18)—Conversion by Agent—Liability to Principal—Effect of Conditional Bill of Sale.  Where an automobile is placed in the hands of an agent to sell for cash, and the agent sells to a third person on terms by which he secures the full amount in cash, though the transaction embraces a conditional sale contract which is made out in the name of a finance company engaged in advancing money to the agent on such sales, the owner has no recourse against the finance company, his remedy being against his agent.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered April 2, 1921, upon findings in favor of the defendant, in an action for conversion, tried to the court.  Affirmed.

*Arthur Remington* and *R. S. Holt,* for appellants.
*George L. Spirk* and *C. E. Stevens,* for respondent.

Hovey, J.—Appellants placed an automobile in the hands of the Broadway Motor Company of Tacoma with instructions to sell the same for $800 cash.  The Broadway Motor Company sold the car to a man named Hall, taking in exchange a Ford car at a valuation of $300, $80 in cash, and the balance was covered by a conditional sale contract.  Respondent makes a business of financing sales of automobiles, and the conditional sale contract from Hall was made out in its favor and the respondent paid to the Broadway Motor Company $765, so that the Broadway Motor Company received in excess of $800 in cash on the sale of the original car.  At the time this transaction was consummated, the Broadway Motor Company was in

[1]Reported in 204 Pac. 775.

active business, but subsequently it failed and appellant never received any payment for the car thus placed with it.

The appellants sued respondent, alleging conversion of appellants' car, and predicate their case upon the decision in *Lyon v. Nourse,* 104 Wash. 309, 176 Pac. 359. We fail to see how that case has any application to the present one. In that case it was held that a conditional bill of sale executed by one who never had title to the property is not good security, but the position of respondent with reference to the people to whom the car was sold has nothing to do with the status of appellant in this case. The appellant made the Broadway Motor Company its agent to sell the car. Assuming that respondent and Hall were bound by the limitations in the agency contract to a sale for cash, the agent received the full cash price for the car, and thereafter appellant's remedy is against his agent.

The judgment is affirmed.

PARKER, C. J., MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.